United States Equal Employment Opportunity Commission
Philadelphia District Office
21 S. 5th Street, Suite 400
Philadelphia, PA 19106
Woody Anglade
Trial Attorney

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. ) ) |
| SHAHIL, INC. (D/B/A DUNKIN DONUTS/ BASKIN ROBBINS LEOLA, PA) | ) **COMPLAINT** ) **JURY TRIAL DEMAND** ) |
| Defendant. | ) ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices that discriminate on the basis of sex, female, and to provide appropriate relief to Ashley Bowermaster, then a 16 year old minor, and a class of female employees, who were adversely affected by such practices. As articulated with greater particularity in paragraph 7 below, the Commission alleges that Ashley Bowermaster, a counter and cash register worker, and a class of female employees were subjected to sexual harassment by male supervisors and co-workers, beginning in August 2004. The Commission alleges that despite numerous complaints by these women, Defendant failed to undertake any effective remedial action to stop the offensive and discriminatory conduct.

As a result of the sexual harassment, Ashley Bowermaster, as well as other female employees

1

were forced to resign from their employment and were constructively discharged from their positions as counter and cash register employees. The Charging Party and a class of female employees suffered severe emotional distress and damages as a result of the illegal conduct of the Defendant.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f) and (3), ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Shahil, Inc., d/b/a Dunkin Donuts/Baskin Robbins ("Shahil") has continuously been and is now doing business in the State of Pennsylvania and the town of Leola, PA, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer had continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit Ashley Bowermaster filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least August-September 2004, Defendant Employer has engaged in unlawful employment practices at its Leola, Pennsylvania facility, in violation of section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and 2000(e)-3(a)(1), by subjecting Charging Party Ashley Bowermaster and a class of female employees to a sexually hostile and abusive work environment. The unlawful employment practices include, but are not limited to, the following:

(a) Ashley Bowermaster, then age 16, started working for Defendant as a counter and cash register employee on or about September 2004. Her duties included operating the register, cleaning the store, preparing food and stocking supplies. She worked approximately 20 hours per week because she was a full-time high school student. At all relevant times, Ms. Bowermaster's performance was satisfactory.

(b) From the beginning of her employment, Ms. Bowermaster was subjected to egregious sexual harassment by Defendant employee Raja Patel. He would constantly smile and wink at her in a sexually inappropriate manner. He would also grab and touch her body against her wishes. For instance, one day, Ms. Bowermaster came to the store to show some of her co-workers the dress outfit she was planning to wear for her high school's homecoming, which was scheduled that night. While at the store, she put her hands on the counter, and Raja Patel unexpectedly grabbed her arms and tried to pull Ms. Bowermaster over the counter to him. She was terrified what Mr. Patel would do to her if he successfully pulled her over the counter. She pulled as hard as she

possibly could and was able to eventually break away from his clutches. While Ms. Bowermaster looked in disbelief at Raja Patel, he simply smiled at her.

(c)     Ms. Bowermaster later learned that other females, some of whom were minors, were also being sexually harassed by Defendant employees, including but not limited to, managers Chintan Patel and Praful Patel. Fed up by the disgusting and insulting behavior they were being subjected to, Ms. Bowermaster and some of these women complained to managers such as Chintan Patel and Praful Patel that they wanted the sexual harassment to stop. However, the male managers laughed at them and completely disregarded their complaints. Because Defendant did not take remedial action, Ashley Bowermaster was constructively discharged by Defendant.

(d)     In addition, a class of female employees were also subjected to egregious sexual harassment while working for Defendant. The harassment included, but was not limited to, unwelcome sexual advances, inappropriate sexual comments, uninvited sexually explicit language and remarks, and unwelcome egregious physical touching and contact, on a regular and on-going basis.

(e)     Managers such as Chintan Patel, Praful Patel and Pranav Patel, as well as other male employees, sexually harassed the class of female employees on almost each and every occasion that they worked. For example, Chintan Patel, after promising to drive home a female employee, pushed down her driver's seat, got on top of her, ran his hand up her shirt and started kissing on her neck. The young female employee resisted, but he held her down with his arms. She finally was able to get away from him and call her mother to come get her.

(f)     The class members consistently objected to each sexually inappropriate comment and

4

advance made by these male managers and employees by asking the supervisors to stop the behavior. Moreover, the female employees begged other supervisors, such as Harry Patel, to put an end to the sexual harassment. However, Defendant failed to take effective corrective action to stop what was happening and the harassment continued.

(g) Defendant Employer knew or should have known about the harassment, but failed to take prompt and effective remedial measures to correct the hostile work environment committed against Ashley Bowermaster and a class of female employees.

(8) The effect of the practices complained of in paragraph 7(a) through (g) above has been to deprive Ashley Bowermaster and a class of female employees of equal employment opportunities and otherwise affect their status as employees because of their gender (female).

(9) The acts complained of in paragraph 7(a) through (g) were intentional.

(10) The unlawful employment practices complained of in paragraphs 7(a) through (g) above were done with malice or with reckless indifference to the federally protected rights of Ashley Bowermaster and a class of female employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment, disparate treatment, constructive discharge, and any other employment practice which discriminates on the basis of sex.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, which eradicate the effects of

its past and present unlawful employment practices.

      C.     Order Defendant Employer to institute and carry out a complaint procedure which encourages employees to come forward with complaints regarding violations of its policies against discrimination and harassment.

      D.     Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination; and requiring all managers and supervisors to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

      E.     Order Defendant Employer to make whole Ashley Bowermaster and a class of female employees by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

      F.     Order Defendant Employer to make whole Ashley Bowermaster and a class of female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7(a) through (g) above, including but not limited to out-of-pocket losses in amounts to be determined at trial.

      G.     Order Defendant Employer to make whole Ashley Bowermaster and a class of female employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7(a) through (g) above, including pain and suffering, humiliation, embarrassment, and loss of life's pleasures, in amounts to be determined at

trial.

  H.  Order Defendant Employer to pay Ashley Bowermaster and a class of female employees punitive damages for its malicious and reckless conduct described in paragraphs 7(a) through (g) above, in amounts to be determined at trial.

  I.  Grant such further relief as the Court deems necessary and proper in the public interest.

  J.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

          JAMES L. LEE
          Deputy General Counsel

          GWENDOLYN YOUNG REAMS
          Associate General Counsel

          U.S. EQUAL EMPLOYMENT
          OPPORTUNITY COMMISSION
          1801 L. Street, NW
          Washington, DC 20507

          _____
          JACQUELINE H. MCNAIR
          Regional Attorney

          _____
          JUDITH A. O'BOYLE
          Supervisory Trial Attorney

          _____
          WOODY ANGLADE
          Trial Attorney

          EQUAL EMPLOYMENT OPPORTUNITY
          COMMISSION
          Philadelphia District Office
          The Bourse Building
          21 S. 5th Street, Suite 400
          Philadelphia, PA 19106
          Telephone (215) 440-2814